UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES of AMERICA | : | |
| | : | |
| Plaintiff | : | |
| | : | Criminal Case No.: 21-CR-00127 |
| *v.* | : | |
| | : | |
| JOSHUA MATTHEW BLACK | : | |
| | : | |
| Defendant | : | |

.....................................................................................................................................

**DEFENDANT'S SUPPLEMENTAL BRIEF REARDING WHETHER GOVERNMENT EXHIBIT 200, A KNIFE, IS INHERENTLY OR OBVIOUSLY DANGEROUS OR DEADLY**

The Defendant, **JOSHUA MATTHEW BLACK**, by and through his attorney, Clark U. Fleckinger II, hereby responds to the Court's January 11, 2023 Minute Order directing the parties to brief the issue as to any authority for the proposition that Government Exhibit 200, a knife in the possession at the time of the alleged offenses charged in the superseding indictment of December 7, 2022, is an inherently or obviously dangerous or deadly weapon under Counts Two and Three of the superseding indictment. Specifically, the Court has inquired as to whether the knife, Government Exhibit 200, is one "which may be used as a tool in certain trades or hobbies, qualifies as 'inherently or obviously dangerous or deadly' for the purposes of the definition of a 'deadly or dangerous weapon' applicable to Counts Two and Three" of the superseding indictment.

**KNIVES IN GENERAL**

According to the Merriam-Webster Dictionary, a knife is defined as "a cutting instrument consisting of a sharp blade fastened to a handle", or "a weapon or tool resembling a knife". The dictionary definition envisions the division enshrined in law between certain knives that are classified as weapons as opposed to knives that are classified as tools, but

1

which could be used as weapons. Some knives are specifically designed to kill, such as a sword, and some are designed to heal, such as a scalpel. According to the website *Knife Up* (see: https://knifeup.com/all-the-types-of-knives-ever-made/), knives are categorized by their purpose. The site proposes four basic categories of knives: (1) work knives; (2) combat knives; (3) recreational knives; and, (4) cooking knives. Within these categories are numerous subcategories of knives whose design serves a more specific purpose. The average person is likely most familiar with the variety of kitchen knives. A carving knife, a meat cleaver, a paring knife and a butter knife are all kitchen knives. Even the amateur cook can tell the difference between these examples and would use them for different purposes in preparing a meal.

While all knives share certain basic traits, to include having a sharp edge that can cut and a handle with which to hold the instrument, they differ in size, structure and design in order to perform the function for which they are intended. According to these categories, a combat knife, such as a bayonet or a tactical knife, is designed to be a deadly and dangerous weapon whose purpose is to kill another human being. While the knives in the other categories could certainly be used to hurt or even kill a person due to the sharp edge and the ability to cut, that is not their purpose or design.

**GOVERNMENT EXHIBIT 200**

The knife entered into evidence as Government Exhibit 200 is a fixed blade knife that measures approximately 7-1/2 inches from the tip of the blade to the end of the handle. No evidence, expert or otherwise, has been admitted as to the manufacturing origin or specific category into which Government Exhibit 200 falls. FBI Special Agent Frank Langdon testified that in northern Alabama, the place where the Defendant resides, it is common for people to carry knives of this sort for the purpose of hunting and fishing.

Government witnesses have testified, and exhibits have been admitted, that indicate that the *sharpened* portion of the blade on Government Exhibit 200 is 2-7/8ths inches long. There is no evidence as to the manufacturing origin of the knife. Further, there is no evidence as to which category Government Exhibit 200 falls. Accordingly, the parties are required to engage in educated speculation for the purpose of this brief.

With that caveat, and in attempting to categorize Government Exhibit 200 within the universe of knives, and using the website *Knife Up*, the knife shown on the aforesaid website that appears to most resemble Government Exhibit 200 is a hunting knife, which is categorized by the website as a work knife. Below is a picture of the knife provided on the website with a sheath that appears to be made of leather.



The knife pictured above can be purchased online on the website Campsaver[1] and it is described as having a four-inch blade and a gutting hook which is visible at the end of the

---

[1] See: https://www.campsaver.com/titan-damascus-skinning-gut-hook-hunting-knife-by-titan-td-176.html?_iv_code=TII-KN-HGHK-TDK-176&utm_source=google&utm_medium=surfaces&utm_campaign=shopping%20feed&utm_content=campsaver&gclid=Cj0KCQiA_P6dBhD1ARIsAAGI7HDUpyNJGkMjnkJn94UwHorUuLKeTjyYMT94M8YPVIbOQm_fTg6VbosaAj6IEALw_wcB

blade.  According to the Knife Up site, "[t]hese knives are used by hunters to gut game. It is a fixed blade knife that has a good grip. Some versions of these knives also have gut hooks. Hunter knives are sometimes painted in camouflage."  While the knife in evidence does not have a gutting hook similar to the one in the example provided, it does have a curved point at the end of the blade which could ostensibly be used similarly to the one in the example provided.

It is respectfully submitted that the most common-sense conclusion as to the category into which Government Exhibit 200 falls is that it is a hunting knife commonly used by individuals who hunt and fish as hobbies or as a means to feed themselves and their families. It also appears clear that the intended purpose of the knife is not as a dangerous and deadly weapon used for combat but, rather, as a tool for gutting and skinning animals by hunters.

The question remains, however, as to whether the knife's design lends itself to being an inherently and obviously dangerous and deadly weapon.  Case law in numerous jurisdictions indicate that not all knives are considered inherently dangerous or deadly weapons.  Nevertheless, some knives may be considered as such by virtue of their design.

D.C. Code § 22-4514(b) provides that "no person shall within the District of Columbia possess, with intent to use unlawfully against another, an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than 3 inches, or other dangerous weapon."  The statute identifies daggers, dirks, razors and stilettos as knives which are inherently dangerous and deadly.  It also identifies knives as having a blade longer than three inches as unlawful but the statute is otherwise non-specific about which knives are included in the statutory prohibition.

---

One of the elements that makes a knife a deadly or dangerous weapon appears to be its length.  Although undersigned counsel has no authority for the following proposition, it would appear that the reason for length of the blade to be an element of inherent dangerousness for a knife which is not otherwise categorized as a weapon is that the knife must be long enough so that, if forced into the chest cavity of a human body where vital organs are located, the knife is able to pierce the skin and abdominal wall and, thereby, reach vital organs.  As that proposition relates to Government Exhibit 200, undersigned counsel submits that the curved tip of the knife in Government Exhibit 200 makes it less conducive to stabbing for the purpose of hitting vital organs in the human body.  As indicated above, the curved feature of Government Exhibit 200 is conducive to gutting an animal.  However, if plunged into the chest of a human, the curvature would make the knife less likely to hit a vital organ as the design would cause the knife to curve rather than travel in a straight line.

While any knife might be considered dangerous and/or deadly if used in a manner other than the manner of its intended purpose, both Federal and District of Columbia statutes make a distinction between knives which are deadly and/or dangerous and those which are generally used as tools but which can be used as a weapon in a weaponized circumstance.  In *Scott v. United States*, the District of Columbia Court of Appeals noted that a "deadly or dangerous weapon is one which is likely to produce death or great bodily injury by the use made of it.  Such instrument may be dangerous in its ordinary use as contemplated by its design and construction, or where the purpose of carrying the object, under the circumstances, is its use as a weapon."  *Scott v. United States*, 243 A.2d 54, 56, (1968)

The United States Circuit Court for the District of Columbia has similarly interpreted Federal Statutes as they apply in the District of Columbia.  In the *United States v. Broadie*, the Court wrote that "not all knives are inherently dangerous weapons for the

purpose of § 22-4504 because not all knives are designed to cause great bodily injury in their normal use." *United States v. Broadie*, 452 F.3d 875, 882, 371 U.S. App. D.C. 499, 506, (2006). Undersigned counsel would submit that the knife entered as Government Exhibit 200 is *not* designed to cause great bodily harm to a human being. It is designed to assist a hunter in skinning and gutting game. That same Court noted in *United States v. Vinton* that "under District of Columbia case law, a deadly or dangerous weapon is anything that is likely to produce death or great bodily injury by the use made of it." *United States v. Vinton*, 594 F.3d 14, 22, 389 U.S. App. D.C. 199, 207, (2010). Assuming *arguendo* that the Defendant used the knife other than for its intended purpose by striking someone in the chest with it, due to Government Exhibit 200's size and design, it is unlikely that Government Exhibit 200 would have gone in a straight line into the chest. Rather, the knife would have *turned* upward or downward and, accordingly, created an injury too shallow to hit major organs and, thereby, produce death or grave bodily injury.

**WHEREFORE,** and for the above reasons, the Defendant respectfully submits that the Government has not proven, beyond a reasonable doubt, that Government Exhibit 200 is an inherently or obviously deadly or dangerous weapon.

Respectfully submitted,

_____/S/_____
Clark U. Fleckinger II
Attorney for Defendant
9805 Ashburton Lane
Bethesda, MD 20817
(301)294-7301
cufleckinger@aol.com
Bar No. 362393

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant's Supplemental Brief Regarding Government Exhibit 200, A Knife, Is Inherently or Obviously a Dangerous or Deadly Weapon has been served, by ECF, upon AUSA Seth Adam Meinero, and all other counsel of record, at the United States Attorney's Office, this 12th day of January, 2023.

_____/S/_____
Clark U. Fleckinger II